Marshall vs. Pinkham.

MARSHALL, Appellant, vs. PINKHAM, Respondent.

*January 12 — January 29, 1889.*

*Res adjudicata.*

In an action to restrain the preparation and sale of an imitation of plaintiff's medicine, and for damages, the plaintiff's husband was joined with her, and she claimed to derive her right to the medicine from another as the inventor. *Held,* that a judgment against her in that action is conclusive and binding upon her in a subsequent suit by her alone in the same court against the same defendant, in which she alleges that she is the inventor, but in which the matters involved are otherwise the same.

APPEAL from the Circuit Court for *Fond du Lac* County. The facts are sufficiently stated in the opinion. The plaintiff appeals from a judgment dismissing the complaint with costs.

*C. K. Pier,* for the appellant.

For the respondent there was a brief by *Sutherland & Sutherland,* and oral argument by *D. D. Sutherland.*

ORTON, J.   The complaint is in substance and in brief as follows: The plaintiff has for several years manufactured, advertised, and offered for sale, and sold at retail and wholesale, a valuable medicine known as "Marshall's Rheumatic Oil," labeled and wrapped with her own proper label, device, and trade-mark, exclusively invented, originated, and adopted by her; that the merits of the medicine had become known and recognized, and it had a large sale in Wisconsin and elsewhere, and was a source of great profit to her; and that the defendant, well knowing the same, wrongfully prepared a compound inferior to hers, but in imitation of it, and offered for sale and sold the same in the territory aforesaid, put up in similar packages with an imitation of her said wrapper, label, and trade-mark, to deceive the public and injure her in the loss of sales and reputation of her superior article.   The plaintiff prays for past damages and an injunction.

The substance, and in brief, of the answer is that the defendant made and makes a compound known and labeled as "Marshall's Rheumatic Oil," "Marshall's Rheumatic Liniment," "Marshall's Rheumatic Oil Liniment," and "Marshall's Liniment," and that he had a right to manufacture, label, and sell the same in that way, and that the plaintiff had not the exclusive right to manufacture, label, and sell the article she claims she manufactured and sold as her own original invention and discovery, nor the exclusive right to her wrapper, label, or trade-mark; and he denies that he has infringed the same.   The answer further sets forth, substantially, that the plaintiff brought suit in the same court against the defendant for the same subject matter and with the same prayer for relief, being solely interested therein, and having nominally joined with her her husband, Charles H. Marshall, as plaintiff, which resulted in a similar judgment for the defendant, which was affirmed

in this court as *Marshall v. Pinkham*, 52 Wis. 572, which is claimed as *res adjudicata*, or as an estoppel of this action.

The only difference in the form of the two actions is that in the former the plaintiff claimed the right to said medicine, derived from one Samuel Marshall, the original inventor thereof; and in this, that she is the original inventor and discoverer thereof; and in the former she joined with her her husband, and in this she sues alone. In this case the findings of the court and conclusions of law are substantially like those in the former case, upon the evidence; and on examination of the evidence we think the findings are sustained by it in all particulars. Besides the findings in the case as an original one, the circuit court found that the subject matter and matters in controversy are the same as in the former case; and, as a conclusion of law, that the decision and judgment in the former case were upon the merits and points directly involved in this case, and are binding upon the parties to this action, and are final and *res adjudicata*. We have no question but that this finding and conclusion of law are sustained by the evidence and the record in the former suit. In the former case in this court the statement of facts is very full and complete, and very difficult on such a mass of evidence, and the opinion of Mr. Justice CASSODAY is very full, critical, and exhaustive of the facts and law, and this groundless and expensive controversy ought to have ended with that case. We shall not countenance such a needless and unlawful repetition and renewal of the same matters in controversy by incumbering the reports with an opinion in this case of greater length than absolutely necessary to identify it.

*By the Court.*— The judgment of the circuit court is affirmed.